DISCIPLINARY COUNSEL *v*. KOLENICH.

[Cite as *Disciplinary Counsel v. Kolenich,*

133 Ohio St.3d 1214, 2012-Ohio-3825.]

*Attorneys at law—Reciprocal discipline from the Supreme Court of Appeals of West Virginia—Public reprimand and two-year monitored probation—Gov.Bar R. V(11)(F)(4).*

(No. 2012-1106—Submitted August 22, 2012—Decided August 22, 2012.)

ON CERTIFIED ORDER of the Supreme Court of Appeals

of West Virginia, No. 11-0091.

_____

{¶ 1} This cause is pending before the Supreme Court of Ohio in accordance with the reciprocal-discipline provisions of Gov.Bar R. V(11)(F).

{¶ 2} On June 28, 2012, relator, disciplinary counsel, filed with this court a certified copy of an order of the Supreme Court of Appeals of West Virginia entered March 29, 2012, in *Lawyer Disciplinary Bd. v. Kolenich*, case No. 11-0091, publicly reprimanding respondent, imposing a two-year supervised practice upon respondent, and requiring respondent to complete nine hours of continuing legal education in law-office management.  On July 16, 2012, this court ordered respondent to show cause why identical or comparable discipline should not be imposed in this state.  Respondent filed a response to the order to show cause.

{¶ 3} On consideration thereof, it is ordered and adjudged by this court that pursuant to Gov.Bar R. V(11)(F)(4), respondent, Erika Howland Klie Kolenich, Attorney Registration No. 0078420, last known business address in Buckhannon, West Virginia, is publicly reprimanded and ordered to complete nine hours of continuing legal education in law-office management.  It is further

ordered that respondent complete a two-year monitored probation in accordance with Gov.Bar R. V(9) that will be satisfied by respondent's compliance with the West Virginia "Agreement with Supervising Attorney." Respondent's probation will not be terminated until such time as respondent's probation has been terminated in the state of West Virginia. Respondent is ordered to notify the court when the probation imposed by West Virginia has been terminated.

{¶ 4} It is further ordered by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered by the court that if after the date of this order, the Clients' Security Fund awards any amount against respondent pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of that award.

{¶ 5} It is further ordered that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

{¶ 6} It is further ordered that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Office of Attorney Services.

{¶ 7} It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

———————————